UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case Number: 3:19-cr-00047-DRL-MGG |
| | ) | |
| EDWARD R. SCHAFER | ) | |

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Comes now the United States of America by Thomas L. Kirsch II, United States Attorney for the Northern District of Indiana, by Kimberly L. Schultz, Assistant United States Attorney, and responds as follows to defendant Edward Schafer's Motion to Dismiss (Dkt. 31):

On June 12, 2019, a grand jury returned a one-count indictment alleging Defendant Edward Schafer was a felon unlawfully in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Dkt. 16). Section 922(g)(1) makes it "unlawful for any person … who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year … to … possess in or affecting commerce, any firearm or ammunition." The punishment section in 18 U.S.C. § 924(a)(2) imposes a 10-year maximum sentence for anyone who "knowingly violates subsection … (g) … of section 922."

The indictment in this case charged that Defendant "possessed one or more firearms in and affecting interstate or foreign commerce after having previously been convicted of a crime punishable by a term of imprisonment of

more than one year, and the defendant did so knowingly," in violation of 18 U.S.C. § 922(g)(1). (Dkt. 16).

Nine days after the grand jury returned the indictment, the Supreme Court held in *Rehaif v. United States* that in prosecutions under §§ 922(g) and 924(a) the government must prove both that the defendant knew he possessed the firearm and that he knew he belonged to the relevant category of restricted persons. 139 S. Ct. 2191, 2195-96 (2019). *Rehaif* overruled Circuit precedent which held "the only intent requirement imposed by" § 922 was that the defendant "must have known that the object he possessed was a gun." *Van Cannon v. United States*, 890 F.3d 656, 664-65 (7th Cir. 2018).

The *Rehaif* Court began by invoking the "longstanding presumption … that Congress intends to require a defendant to possess a culpable mental state regarding 'each of the statutory elements that criminalize otherwise innocent conduct.'" *Id.* at 2195 (quoting *United States* v. *X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994)). Because § 924(a)(2) restricts punishment to those who "knowingly violate[ ]" § 922(g), the Court could "find no convincing reason to depart from th[at] ordinary presumption," *id.*, although it noted that a knowledge requirement does *not* attach to the so-called "jurisdictional element"—§ 922(g)'s requirement that the firearm or ammunition "ha[ve] been shipped or transported in interstate or foreign commerce." *Id.* at 2196. Buttressing the Court's textual analysis was the "basic principle" derived from

2

Blackstone and reflected in the Court's precedents that "a vicious will" is necessary to render an act criminal. *Id.*

Thus, after *Rehaif*, the government can obtain a conviction under §§ 922(g)(1) and 924(a)(2) if it shows: (1) the defendant knowingly possessed a firearm; (2) at the time of possession, he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; (3) at the time of possession, the defendant knew he had been convicted of such an offense; and (4) the firearm had been shipped or transported in interstate commerce.

Defendant moved to dismiss the indictment, asserting that it fails to account for *Rehaif* by not alleging "Mr. Schafer had knowledge that he had previously been convicted of a crime punishable by a term of imprisonment of more than one year at that point in time when he is alleged to have possessed one or more firearms." (Dkt. 31).

**ANALYSIS**

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment shall "be a plain, concise and definite written statement of the essential facts constituting the offense charged." A proper indictment fulfills three functions: it states all the elements of the offense, informs the defendant of the nature of the offense so that he can prepare his defense, and enables the defendant to be able to plead the judgment as a bar to a later prosecution. *United States v. Mosley*, 786 F.2d 1330, 1334 (7th Cir. 1986) (internal quotation omitted).

Defendant does not assert his defense is limited or that he will be subject to Double Jeopardy. His only claim is that the indictment falls to allege all the elements of the § 922(g) offense.

When reviewing indictments, this Court should avoid reading them in a "hypertechnical manner" and should instead construe them "according to common sense." *United States v. Palumbo Bros.*, 145 F.3d 850, 860 (7th Cir. 1998). (internal citations omitted). "Even if an essential averment in an indictment is faulty in form," the indictment is sufficient if the essential charge "may by fair construction be found within the text." *United States v. Mosley*, 786 F.2d 1330, 1334 (7th Cir. 1986) (internal quotation omitted). The question is not whether the indictment "could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003). An indictment that sets forth the offense in the words of the statute itself is usually sufficient. *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000).

The indictment here meets that threshold. First, it tracks the language and format of the relevant statutes, §§ 922(g)(1) and 924(a)(2). As noted above, § 922(g) makes it illegal to possess the firearm after having been convicted of a felony, and § 924(a)(2) requires a knowing *mens rea* for both acts. The indictment likewise sets forth in one clause the prohibitions contained in § 922(g)(1)—"possessed one or more firearms in and affecting interstate or foreign commerce after having previously been convicted of a crime punishable

by a term of imprisonment of more than one year." It then sets forth the relevant prohibition from § 924(a)(2)—"and the defendant did so knowingly"—in a separate clause. The indictment tracks the relevant charging statutes and a common sense reading is that the word "knowingly" applies both to the defendant's status and his possession of the firearm, which is all *Rehaif* requires. *Compare with United States v. Hernandez*, 330 F.3d 964, 977-78 (7th Cir. 2003) *and United States v. Dixon*, 596 F.2d 178, 180-81 (7th Cir. 1979) (finding indictments that lacked required *mens rea* altogether nevertheless sufficient); *see also United States v. Westmoreland*, 240 F.3d 618, 633 (7th Cir. 2001) (citing case that "indictment is constitutionally sufficient if it alleges the appropriate section of the United States Code, even if it does not allege the express element required").

Even if the indictment did not track the language and format of the charging statutes, it is still sufficient because it comports with a "natural" style of reading where a verb or term of expression modifies the words or list in front of it. *United States v. Bass*, 404 U.S. 336, 339-40 (1971) (interpreting statute). In this case "knowingly" modifies the list in front of it, specifically the defendant's possession and status as a convicted felon.

While Defendant argues the indictment is insufficient after *Rehaif*, he does not explain what effect the word "knowingly" has if not to modify the phrases in front of it. The indictment does not say he knowingly possessed a firearm and had a prior conviction, nor does it say he possessed a firearm and

5

knew he had a prior conviction. Rather, it alleges that Defendant both possessed the firearm and had a prior conviction, and did so knowingly. It is a "matter of ordinary construction" that "where several words are followed by a general expression as here, which is as much applicable to the first and other words as to the last, that expression is not limited to the last, but applies to all." *United States v. Standard Brewery, Inc.*, 251 U.S. 210, 218 (1920); *see also Paroline v. United States*, 572 U.S. 434, 447 (2014). It is a natural reading to find that the word "knowingly" in the indictment modifies both the Defendant's possession and status. At a minimum, the indictment may fairly be construed that way, which is enough to survive a motion to dismiss. *Mosley*, 786 F.2d at 1334; *United States v. Gironda*, 758 F.2d 1201, 1209 (7th Cir. 1985).

Dated: August 28, 2019

        Respectfully submitted,

        THOMAS L. KIRSCH II
        UNITED STATES ATTORNEY

   By:   s/ Kimberly L. Schultz
        Kimberly L. Schultz
        Assistant United States Attorney
        United States Attorney's Office
        204 S. Main Street, Room M01
        South Bend, IN 46601
        Phone: 574-236-8287
        Email: Kimberly.Schultz@usdoj.gov