UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CR-47 DRL-MGG |
| EDWARD SCHAFER, | |
| Defendant. | |

OPINION AND ORDER

On June 12, 2019, a grand jury returned a one-count indictment alleging Mr. Edward Schafer was a felon unlawfully in possession of a firearm. The indictment charged that Mr. Schafer "possessed one or more firearms in and affecting interstate or foreign commerce after having previously been convicted of a crime punishable by a term of imprisonment of more than one year, and the defendant did so knowingly" in violation of 18 U.S.C. § 922(g)(1). ECF 16. Mr. Schafer moved to dismiss the indictment based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). With due regard and appreciation for the parties' briefing, including Mr. Schafer's reply brief as filed instanter, the court denies the motion to dismiss.

STANDARD

An indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). A defendant may challenge an indictment for failure to charge an offense, *United States v. Mosley*, 786 F.2d 1330, 1334 (7th Cir. 1986), though a motion to dismiss an indictment is not "a means of testing the strength or weakness of the government's case." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) (quoting *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006)). That is for trial; before then, an indictment performs three functions: (1) it states the elements of the offense, (2) it informs the defendant of the charge's

nature so he can prepare a defense, and (3) it enables the defendant to plead the judgment as a bar to later prosecution for the same offense. *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003); *United States v. McComb*, 744 F.2d 555, 562 (7th Cir. 1984). In the end, the indictment must conform to "minimal constitutional standards." *Hausmann*, 345 F.3d at 955.

DISCUSSION

Mr. Schafer seeks to apply the *Rehaif* interpretation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) to his indictment.[1] Before *Rehaif*, this circuit had held that criminal liability under this statute required only a general intent. *See United States v. Lane*, 267 F.3d 715, 720 (7th Cir. 2001). Under that standard, the government was required to prove that the defendant knew "that the object he possessed was a gun," but seemingly not that the defendant also knew that he was a felon. *Id. Rehaif* clarified that the government must also prove that the defendant knew he was in a prohibited status—in that case, an alien unlawfully in the United States, and here by extension an individual previously convicted of a crime punishable for over a year. *Rehaif*, 139 S. Ct. at 2196.

Mr. Schafer challenges the indictment arguing the government failed to allege that he knew he was a felon. *See Rehaif*, 139 S. Ct. at 2194. Mr. Schafer does not dispute that the other elements of the crime are adequately alleged in the indictment. Thus the issue before the court is narrow: whether the government must strictly allege in an indictment that a defendant knew he was a felon for it to survive a motion to dismiss.

This indictment conformed constitutionally to the requisite standards. The indictment states as follows:

> Edward Schafer, defendant herein, possessed one or more firearms in and affecting interstate or foreign commerce after having previously been convicted of a crime

---

[1] 18 U.S.C. § 922(g) states that it "shall be unlawful for any person who has been convicted in any court[] of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 924(a)(2) provides the penalties for "[w]hoever knowingly violates" § 922(g).

punishable by a term of imprisonment of more than one year, and the defendant did so knowingly. . . . All in violation of Title 18, United States Code, Section 922(g)(1).

ECF 16. So stated, the indictment fulfills the three functions an indictment must—informing Mr. Schafer of the nature of the charge, enabling him to defend against a second prosecution, and stating the crime's elements. *See Hausmann*, 345 F.3d at 955.

When construing an indictment, the court must look to the indictment as a whole and refrain from reading it in a "hypertechnical manner." *United States v. Gironda*, 758 F.2d 1201, 1209 (7th Cir. 1985). "Even if an essential averment in an indictment is faulty in form, if it may by fair construction be found within the text, it is sufficient." *Id.* (quoting *United States v. Anderson*, 532 F.2d 1218, 1222 (9th Cir. 1976), *cert. denied*, 429 U.S. 839). In charging an offense, an indictment may usually track the statute's words. *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000). This indictment effectively does just that.

Additionally, "[w]hen several words are followed by a clause [that] is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all." *Paroline v. United States*, 572 U.S. 434, 447 (2014) (quoting *Porto Rico Railway, Light & Power Co. v. Mor*, 253 U.S. 345, 348 (1920)). A fair reading of the indictment reveals that "knowingly" applies to the operative (non-jurisdictional) elements of the charge that precede it. Indeed, the word "knowingly" appears in a separate clause that semantically gives it that very effect. A strict reading of "knowingly" to apply only to certain but not other operative elements is the exact type of "hypertechnical" reading the law seeks to avoid. *See Gironda*, 758 F.2d at 1209.

Of course, Mr. Schafer raises the concern in reply that such a construction would necessarily apply a "knowing" scienter to the interstate commerce element (ECF 35-1), yet that is not really so. Indeed, *Rehaif* made no such interpretative leap, and it was construing a statute, not just an indictment.

3

*See Rehaif*, 139 S. Ct. at 2196-97.[2] The United States Supreme Court made no assumption that the word "knowingly" that preceded the statute somehow applied to the jurisdictional element just as this court will not assume that the word "knowingly" expressed at the charge's end must necessarily apply to that same jurisdictional element to reach its proper construction. *See id.* If "knowingly" can be fairly applied throughout the statute without tripping on the jurisdictional element, it can be fairly read the same for this indictment.

Without question, the indictment puts Mr. Schafer on notice of the charge against him with its language and reference to the specific statute that the government alleges Mr. Schafer violated. The government is not required to write out every explicit element of a crime in an indictment. Instead, an indictment is adequate so long as "each element [is] present in context." *United States v. Smith*, 223 F.3d 554, 571 (7th Cir. 2000). An "indictment is constitutionally sufficient if it alleges the appropriate section of the United States Code, even if it does not allege the express element required." *United States v. Westmoreland*, 240 F.3d 618, 633 (7th Cir. 2001) (citing with approval *United States v. Martinez*, 981 F.2d 687, 872 (6th Cir. 1992)). The presence of the relevant statute thus underscores the fair reading given the indictment by law.

CONCLUSION

Accordingly, the court GRANTS Mr. Schafer's motion for leave to file a reply instanter in the interests of justice (ECF 35) and DENIES his motion to dismiss (ECF 31).

SO ORDERED.

September 12, 2019                                        *s/ Damon R. Leichty*
                                                          Judge, United States District Court

---

[2] "No one here claims that the word 'knowingly' modifies the statute's jurisdictional element. Jurisdictional elements do not describe the 'evil Congress seeks to prevent,' but instead simply ensure that the Federal Government has the constitutional authority to regulate the defendant's conduct. . . . Because jurisdictional elements normally have nothing to do with the wrongfulness of the defendant's conduct, such elements are not subject to the presumption in favor of scienter." *Rehaif*, 139 S. Ct. at 2196.